# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6775 | **DATE** | 6/13/2012 |
| **CASE TITLE** | Aldijana Miljkovic vs. University Anesthesiologists, S.C. *et al.* | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss Count III is granted. Status hearing set for 9/26/12 at 2:30 pm.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Aldijana Miljkovic has filed a three-count employment discrimination lawsuit. She alleges that she was hired as a medical assistant in June 2008 by defendant University Anesthesiologists, S.C. ("UA"). A few months after she was hired, plaintiff's supervisors began making derogatory and discriminatory remarks based on plaintiff's national origin (Bosnian) and her religion (Muslim). These comments were "continuously made" until September 22, 2009 when plaintiff was fired, allegedly for performance problems. Plaintiff believes, however, that the real reason she was fired is discrimination. These allegations are set forth in the first two counts, both of which are brought under Title VII. Count II includes the additional allegation that, on September 21, 2009, plaintiff took a day off to observe the Ramadan religious holiday. She alleges that her firing was in part motivated by her request to take this day off. Count III is a retaliation claim under Title VII. Plaintiff alleges that in July 2009 she complained to UA's human resources department about the discriminatory comments by her supervisor and that UA's later firing of her was an attempt to retaliate against plaintiff for complaining to the human resources department.

Now before the Court is UA's motion to dismiss the retaliation claim set forth in Count III because it was not included in plaintiff's EEOC charge. Specifically, UA asserts that plaintiff's allegation that she complained to the human resources department in July 2009 was not set forth in the EEOC charge. We agree.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Two purposes are commonly given for this rule: (1) it gives the EEOC and the employer the opportunity to settle the dispute; and (2) it provides the employer with notice of the conduct being alleged. *Id.* However, because EEOC charges are often drafted by non-lawyer employees, the Seventh Circuit has held that a Title VII claim is also cognizable if it is "like or reasonably related to the allegations of the [EEOC] charge." *Id.* To determine whether a claim is like an earlier allegation, the plaintiff must satisfy two minimum conditions. *Id.* First, the plaintiff must show that there is a "reasonable relationship between the allegations in the charge and the claims in the complaint." *Id.* Second, "the claim in the complaint can reasonably be expected to grow

| STATEMENT |
|---|

out of an EEOC investigation of the allegations in the charge." *Id.* The separate nature of the two parts of this test is illustrated by application of the test in *Cheek*. The Seventh Circuit there held that the claim was outside the scope of the EEOC charge because it did not meet the first requirement; therefore, the Seventh Circuit felt no need to further speculate about whether the second part of the requirement had been met, especially given that the "second part of the test is difficult to apply because it requires speculation as to what the EEOC might or might not discover in the course of an investigation." *Id.* In construing the first part of the test, the Seventh Circuit in *Cheek* went on to hold that whether the claims are alike or reasonably related is determined by analyzing the two documents -- the EEOC charge and the complaint -- to see whether they "at a minimum . . . describe the *same conduct* and implicate the *same individuals.*" *Id.* at 501 (emphasis in original). This issue is a matter of law for the Court to decide. *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005).

After reviewing the EEOC charge and complaint in this case, we find that plaintiff's new retaliation claim in her complaint does not satisfy the "same conduct/same individuals" requirement.

As a preliminary point, it is not clear who drafted plaintiff's EEOC charge. Unlike many handwritten EEOC charges filled out by individuals acting *pro se*, plaintiff's charge is printed and well organized with a Roman numeral outline structure. It also includes specific legal citations and terminology and even legalese (*e.g.* "above-mentioned behavior"). Although neither side has specifically stated whether plaintiff's attorney drafted this document, it would appear at a minimum that this charge was not written by an unsophisticated layperson. This fact "weakens the argument for liberal construction" of the EEOC charge. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009).

Putting this point aside and turning to the specific allegations, based on a comparison of the two documents, we find that the retaliation claim in Count III of the complaint and the retaliation claim in Count III of the EEOC charge rest on different conduct. The charge refers specifically and solely to a September 14th request for a day off for Ramadan on September 21st. The charge alleges that after taking this day off, plaintiff was fired in retaliation. The complaint, in contrast, does not include this allegation in Count III but instead includes a different factual allegation -- namely, that plaintiff complained to a person in the human resources department in July 2009. Thus, the conduct is different. Plaintiff does not allege that the July complaint had anything to do with taking a day off for Ramadan. Instead, her complaint refers to making a complaint about the allegedly discriminatory comments already made by her supervisors. The time frame is also different. The July incident was several months before the Ramadan incident. Simply put, we find that plaintiff's new retaliation claim does not meet the "same conduct/same individual" test.

In her response brief, plaintiff never squarely addresses this basic threshold requirement. Instead, she rests her argument on the second part of the test. Plaintiff has submitted an affidavit stating that she did mention the July incident to the EEOC when she was interviewed on May 20, 2011. UA in its reply brief questions this factual assertion. It attaches the interview notes from the EEOC. These notes do not mention the July complaint. We do not need to address this factual dispute because, like the Seventh Circuit in *Cheek*, we have found that plaintiff has not met the first part of the test and there is thus no need to wade into this murkier question raised by the second part of the test. Plaintiff's other main argument is to point to the fact that her EEOC charge contains, in Counts I and II, a generalized references to the fact that she "continuously objected" throughout her entire employment to the discriminatory comments. We find that this allegation is too vague, especially since these comments are not made in Count III of he EEOC charge. In contrast to this generalized reference in Counts I and II, Count III focuses very specifically on the September 14th request for a day off on September 21st. For all the above reasons, the motion to dismiss Count III is granted.